IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KELVIN HOUSTON,

    Plaintiff,                    No. 2:11-cv-2763 GGH P

   vs.

N. DULLAS, SRN III,

    Defendant.          ORDER

_____/

      Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. §1983. Defendant Dullas has moved for a protective order, seeking relief from her obligation to respond to plaintiff's discovery requests until such time as defendant's pending motion to dismiss, filed on March 29, 2012, has been adjudicated. Plaintiff has served defendant with requests for admission and requests for production of documents. Docket # 25-1.

      Defendant asks to be spared the burden of complying with discovery which may ultimately prove unnecessary should the court dismiss any part of the action. Plaintiff has not opposed the motion and the time for doing so has expired.

      The Federal Rules provide that good cause is required in order for a party to obtain a protective order. Fed. R. Civ. P. 26(c); <u>Kiblen v. Retail Credit Co.</u>, 76 F.R.D. 402, 404 (E.D. Wash. 1977). "Good cause" exists when justice requires the protection of "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ.

P. 26(c).  To prevail on a motion for a protective order, the party seeking the protection has the burden to demonstrate "particular and specific demonstration[s] of fact, as distinguished from conclusory statements . . . ."  Id.; Twin City Fire Ins. Co. v. Employers Ins. of Wausau, 124 F.R.D. 652, 653 (D.Nev. 1989); Kamp Implement Co. v. J.I. Case Co., 630 F. Supp. 218, 219 (D.Mont. 1986).  The determination must be made on a case-by-case basis.  Skellerup Ind. Ltd. v. City of Los Angeles, 163 F.R.D. 598, 601 (C.D. Cal. 1995).

After reviewing the requests for admission and for production (attached as Exhibit A to defendant's counsel's declaration in support of the motion), the court finds that defendant should be relieved of the obligation to respond to the requests until such time as the motion to dismiss has been adjudicated.

Accordingly, good cause appearing, IT IS ORDERED that defendant's unopposed motion for a protective order, filed on April 25, 2012 (docket # 25) is granted, and defendant is relieved of the obligation to respond to plaintiff's discovery requests until such time as the pending motion to dismiss has been adjudicated.

DATED: June 4, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
hous2783.po