IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KELVIN HOUSTON,

       Plaintiff,                    No. 2:11-cv-2763 GEB AC P

       vs.

N. DULLAS, SRN III,                 ORDER

       Defendant.

_____/

       Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. §1983. Pending before the court are: (1) plaintiff's conflict-of-interest "objection" to the representation of defendant Dullas by the Attorney General's Office (ECF No. 18); (2) defendant Dullas' motion to dismiss (ECF No. 19), to which plaintiff filed his opposition (ECF No. 21), after which defendant Dullas filed a reply (ECF No. 24)[1]; (3) plaintiff's motion for a protective order (ECF No. 20).

---

[1] Defendant filed a request to strike (ECF No. 27) plaintiff's surreply (ECF No. 26). As neither the Local Rules nor the Federal Rules of Civil Procedure provide for a reply by plaintiff to defendant's reply to plaintiff's opposition to defendant's motion to dismiss, the request will be granted.

1

**Allegations of the Complaint**

Plaintiff claims that defendant N. Dullas, a Senior Registered Nurse at the California Medical Facility (CMF), violated his rights under the Eighth Amendment and the Fourteenth Amendment's equal protection clause when plaintiff was threatened with physical force to make him comply with medical treatment over his objections. Complaint (ECF No. 1), pp. 3-4. Plaintiff alleges that on May 19, 2009, Dullas ordered security staff to place plaintiff on a gurney and take him to the emergency room to be examined by a doctor despite plaintiff's refusal of further treatment. Id. at 5. The non-party security staff, in response to defendant Dullas' order, verbally threatened plaintiff with physical force if he did not voluntarily get on the gurney. Id. Fearing for his safety, plaintiff did get on the gurney to allow the health care treatment defendant Dullas had ordered. Id. Plaintiff alleges that defendant Dullas subjected him to both cruel and unusual punishment and to a violation of his equal protection rights. Id.

The exhibits attached to the complaint indicate that the incident was triggered when plaintiff's blood pressure spiked during a dialysis treatment in the prison clinic. See ECF No. 1, p. 22 (amended second level response to plaintiff's administrative appeal, dated 11/20/10). Nurse Dullas wanted to administer medication and continue dialysis, but plaintiff insisted on discontinuing dialysis. Nurse Dullas "activated" a "medical emergency," and plaintiff was transported to the emergency room where he spoke with doctors and refused treatment. Id. In his grievance, plaintiff stated that he "felt disrespected and violated by the verbal use of force" employed at the prison to get him on the gurney for transport to the hospital. Id.

A review of plaintiff's exhibits indicates that plaintiff's initial administrative appeal was lost, but was later found and eventually addressed through the third director's level. See Complaint Exhibits, pp. 7-22.

**Objection to "Conflict of Interest"**

Plaintiff contends that the California Attorney General's Office may not represent

2

1 defendants in civil rights lawsuits, because such representation is contrary to the Justice
2 Department's duty to uphold the law.  The objection is entirely without factual or legal basis and
3 is summarily overruled.

### Motion to Dismiss

5       Defendant Dullas moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), on the
6 ground that plaintiff has failed to state a claim against her for which relief may be granted.
7 Motion to Dismiss (MTD), p. 1.  In addition, defendant Dullas contends she is entitled to
8 qualified immunity.  Id.

*Legal Standard for Motion to Dismiss*.

10       In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6),
11 a complaint must contain more than a "formulaic recitation of the elements of a cause of action;"
12 it must contain factual allegations sufficient to "raise a right to relief above the speculative
13 level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain
14 something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally
15 cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and
16 Procedure § 1216, pp. 235-236 (3d ed. 2004).  "[A] complaint must contain sufficient factual
17 matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,
18 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility
19 when the plaintiff pleads factual content that allows the court to draw the reasonable inference
20 that the defendant is liable for the misconduct alleged."  Id.

21       In considering a motion to dismiss, the court must accept as true the allegations of
22 the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740
23 (1976), construe the pleading in the light most favorable to the party opposing the motion and
24 resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied,
25 396 U.S. 869 (1969).  The court will "'presume that general allegations embrace those specific
26 facts that are necessary to support the claim.'" National Organization for Women, Inc. v.

3

1  Scheidler, 510 U.S. 249, 256 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561
2  (1992).  Moreover, pro se pleadings are held to a less stringent standard than those drafted by
3  lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).
4          The court may consider facts established by exhibits attached to the complaint.
5  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also
6  consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d
7  1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other
8  papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir.
9  1986).  The court need not accept legal conclusions "cast in the form of factual allegations."
10 Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).
11         A pro se litigant is entitled to notice of the deficiencies in the complaint and an
12 opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.
13 See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).
14         *Eighth Amendment Claim*
15         Defendant contends that plaintiff has not stated a colorable claim under the Eighth
16 Amendment because (1) according to the complaint, the threat was not made by Dullas, and (2) a
17 mere threat does not constitute a constitutional violation.  MTD, pp. 4-5.  Moreover, plaintiff
18 does not allege any physical injury as a result of any action by Dullas.  Id. at 5; Reply, pp. 2-3.
19         In opposition, plaintiff relies on the California Code of Regulations which
20 provides that medical treatment shall not be forced over the objection of an inmate who is
21 mentally competent.  Opposition (Opp.), p. 2.  He asserts that on May 19, 2009 he was not
22 alarmed when the alarm went off indicating his "blood pressure reading was a bit high" because
23 "he was used to seeing it at that level."  Id.  He argues that "his treatment time was all but up,"
24 and that in his opinion he had no need for additional medication or treatment.  Id.  For that
25 reason, plaintiff "decided to exercise his right to object to any further treatment per CAL. CODE
26 REGS. tit.xv, § 3351(a)."  Id.  Plaintiff contends that the staff had a duty at that point simply to end

4

his treatment. Instead the supervisor, defendant Dullas, abused her authority by overriding plaintiff's wishes and directing her subordinates to get plaintiff on "a medical gurney to be taken in medical transit for further medical evaluation." Defendant's subordinate(s) accomplished this by threat of force. Id. at 2-3. Plaintiff does not allege that force was actually used on him, or that during the subsequent medical evaluation he was compelled to take medication or to continue any treatment. Id. at 3. Instead, he contends that the threat of physical force caused him to fear the use of force, and that is enough to satisfy Eighth Amendment standards. Id. at 3-4.

In reply, defendant repeats that the claim is not colorable because plaintiff does not allege that defendant Dullas made the threat to him to get on the gurney, and even if she had done so it would not violate the constitution. Reply, p. 2. Defendant argues that as plaintiff has makes no claim for any physical injury, he may not seek compensatory damages for mental or emotional injury. Id. at 2-3, citing Oliver v. Keller, 289 F.3d 623, 629 (9th Cir. 2002).

*Analysis*

Plaintiff does not claim that he had a constitutional right to refuse medical treatment which was violated by defendant Dullas. Rather, he claims that by ordering her staff to take him on a gurney for an emergency medical evaluation over his objections, she violated a state regulation and his putative constitutional right to be free from the threat of force. The regulation on which plaintiff relies, CAL. CODE REGS. tit. xv, § 3351(a), states, in relevant part:

> Health care treatment, including medication, shall not be forced over the objections of: a mentally competent inmate . . . except in an emergency . . . . An emergency exists when there is a sudden, marked change in an inmate's condition so that action is immediately necessary for the preservation of life or the prevention of serious bodily harm to the inmate or others, and it is impracticable to first obtain consent. . .

The allegations of the complaint do not demonstrate a violation of the regulation, let alone a constitutional violation. Plaintiff does not allege that any force was used by Dullas or at her direction. Nor does he allege that following his transport to the emergency room,

5

1  involuntary though it might have been, he was compelled to take any medication or to continue
2  his dialysis treatment.

3  "In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment
4  places restraints on prison officials, who may not, for example, use excessive physical force
5  against prisoners." <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994) (citing <u>Hudson v. McMillian</u>,
6  503 U.S. 1 (1992)). However, the Supreme Court has stated unequivocally that "a prison official
7  violates the Eighth Amendment only when two requirements are met. First, the deprivation
8  alleged must be, objectively, "sufficiently serious," i.e., "a prison official's act or omission must
9  result in the denial of 'the minimal civilized measure of life's necessities' [internal citations
10 omitted]." <u>Farmer</u>, at 834. Second, "a prison official must have a 'sufficiently culpable state of
11 mind [internal citation omitted].'" <u>Id</u>. "In prison-conditions cases that state of mind is one of
12 'deliberate indifference' to inmate health or safety [internal citation omitted]." Thus, deliberate
13 indifference is established only where the defendant *subjectively* "knows of and disregards an
14 *excessive risk* to inmate health and safety." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057 (9th Cir.
15 2004) (internal citation omitted) (emphasis added).

16 It "trivializes the eighth amendment to believe that a threat constitutes a
17 constitutional wrong." <u>Corales v. Bennett</u>, 567 F.3d 554, 564 (9th Cir. 2009) (quoting <u>Gaut v.</u>
18 <u>Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987). Nor has the Ninth Circuit found any case "that
19 squarely holds a threat to do an act prohibited by the Constitution is equivalent to doing the act
20 itself.'" <u>Corales</u>, 567 F.3d at 564-65 (quoting <u>id.</u> ). Therefore, defendant is correct that plaintiff
21 fails to state a claim that his Eighth Amendment rights were violated when he was allegedly
22 threatened by non-party staff in order to get him onto a medical gurney.

23 To the extent that plaintiff got on the gurney and submitted to transport out of
24 fear, as a result of being threatened, plaintiff has alleged at most a mental or emotional injury.
25 Defendant is correct that the Prison Litigation Reform Act bars plaintiff from compensatory
26 damages for an alleged mental or emotional injury without a showing of physical injury, at least

6

in the Eighth Amendment context.

> No federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e); see also, Oliver v. Keller, 289 F.3d 623, 630 (9th Cir. 2002) ("district court correctly interpreted § 1997e(e) to require a showing of more than *de minimis* physical injury in order to recover compensatory damages for mental or emotional injury"); id. at 627 (holding "that for all claims to which it applies, 42 U.S.C. § 1997e(e) requires a prior showing of physical injury that need not be significant but must be more than *de minimis*."); but see, Cannell v. Lightner, 143 F.3d 1210, 1213 (1998) (holding that, regardless of relief sought, § 1997e(e) does not apply to prisoner claims made under the First Amendment).  Defendant's motion to dismiss plaintiff's Eighth Amendment claims for failure to state a claim will be granted.

*Fourteenth Amendment Claim*

*Equal Protection*

Defendant argues that plaintiff fails to state an equal protection claim because (1) he does not allege that he is a member of a protected class, and (2) he does not allege he was treated differently from similarly situated inmates, in this case from other inmates who experience high blood pressure when receiving dialysis. MTD, pp. 5-6.  Defendants emphasize that plaintiff does not claim that defendant Dullas or anyone else acted with a discriminatory animus.  Id.  In his opposition, plaintiff argues that defendant Dullas failed to comply with state regulations, i.e., CAL. CODE REGS. tit.xv, § 3351(a).  Opp., pp. 1-2.

Failure to comply with a state regulation does not violate the constitutional guarantee of equal protection.  "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting City of Cleburne

7

1  v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216

2  (1982)).  "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause

3  of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or

4  purpose to discriminate against the plaintiff based upon membership in a protected class."

5  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citations omitted), cert. denied, 525

6  U.S. 1154 (1999).  Plaintiff's allegations fall far short of such a showing.  Plaintiff alleges no

7  facts showing that he is a member of a protected class, that he was treated differently from other

8  inmates in similar situations, or that the different treatment was motivated by an intent to

9  discriminate against plaintiff.  Defendant's motion will be granted.

*Due Process*

To the extent that plaintiff may have intended to claim of a violation of due process by defendant Dullas's failure to comply with CAL. CODE REGS. tit. xv, § 3351(a), that claim also fails.  "[T]he search for a negative implication from mandatory language in prisoner regulations has strayed from the real concerns undergirding the liberty protected by the Due Process Clause."  Sandin v. Conner, 515 U.S. 472, 483 (1995).

> [W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause.  See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987).  But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington[ v. Harper], 494 U.S. 210, 221-222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, supra, at 483-84.

As noted bove, plaintiff has not alleged that Dullas did anything more than direct a subordinate or subordinates to transport plaintiff to the emergency room in contravention of plaintiff's wishes when his blood pressure arose during a dialysis treatment.  She did not compel

8

him to take medication or to continue dialysis, nor did plaintiff's evaluation in emergency result in forced or non-consensual medical treatment.  Plaintiff's incipient due process claim is not cognizable and should be dismissed.

To the degree that plaintiff's exhibits (see ECF No. 1, pp. 7-28) suggest he means to allege a due process violation on the basis of the loss of his administrative appeal, such a claim also fails as a matter of law.  Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d at 640. See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment").  Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, supra.  State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. at 484. Moreover, in this case plaintiff's exhibits demonstrate that the lost appeal was found and addressed, so the complaint fails to allege any injury that could be redressed by this action.

Because plaintiff has alleged no violation of any constitutional rights in his complaint, it is unnecessary to reach defendant's argument for entitlement to qualified immunity. The court will grant defendant's motion to dismiss.  Plaintiff will be afforded leave to amend.

### Motion for Protective Order

Plaintiff's motion for a protective order asks the court to enjoin defendant Dullas

from retaliatory harassment, which plaintiff states that he suffers as the result of filing this action. ECF No. 20. Plaintiff alleges that he sees defendant Dullas more frequently in the CMF dialysis unit since the filing of the instant complaint, and that he has experienced the "sudden[]. . . unfounded accusations that plaintiff is gazing at female staff while masturbating which culminated in plaintiff being placed in Ad Seg lockup unit with access to none of his legal property." Id. These alleged unfounded accusations have evidently resulted in disciplinary proceedings against plaintiff. Id. Plaintiff does not name any individual of the dialysis unit staff who has made the accusations, but he contends that the way in which he has received his dialysis treatment has not altered throughout his years in the CMF dialysis unit. Id.

The court construes the motion for a protective order as a motion to file an amended complaint bringing a retaliation claim. So construed, the motion will be granted. Prisoners' constitutional right of access to the courts entitles them to file lawsuits. Inmates therefore have a right to be free from the filing of false disciplinary charges in retaliation for filing lawsuits. Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995); Black v. Lane, 22 F.3d 1395, 1402 (7th Cir. 1994); Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989); Rizzo 778 F.2d at 532. The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt at 806 (citing Rizzo at 532). Verbal harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the

prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n.1) (10th Cir. 1990).

If plaintiff chooses to amend the complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS ORDERED that:

1. Plaintiff's "objection" (ECF No. 18) to the representation of defendant Dullas by the Attorney General's Office is overruled;

2. Defendant's request for the court to strike (ECF No. 27) plaintiff's surreply (ECF No. 26) is granted;

3. Defendant Dullas' motion to dismiss (ECF No. 19) is granted and the complaint is dismissed but plaintiff is granted leave to amend;

4. Plaintiff's motion for a protective order (ECF NO. 20) is construed as a motion for leave to amend to add a retaliation claim, and is granted;

11

5. Plaintiff may file an amended complaint within twenty-eight days;

6. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: January 28, 2013.

`

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
hous2783.mtd