IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KELVIN HOUSTON,

              Plaintiff,                     No. 2: 11-cv-2763 TLN AC P

      vs.

N. DULLAS, SRN III,              ORDER and

              Defendant.          FINDINGS AND RECOMMENDATIONS

_____/

         Plaintiff is a state prisoner proceeding pro se who seeks relief pursuant to 42 U.S.C. § 1983.  By Order filed on January 29, 2013 (ECF No. 30), the undersigned granted defendant Dullas' motion to dismiss (ECF No. 19), permitting plaintiff leave to amend within twenty-eight days.  Plaintiff filed an amended complaint (ECF No. 31) on February 21, 2013.  Thereafter, defendant filed a motion asking the court to screen the amended complaint, contending that is nearly identical to the original complaint.  ECF No. 32.  Defendant also contended that plaintiff had been given leave only to amend to allege a claim of retaliation and failed to do so.  Id.  In opposition to the motion, plaintiff maintained that the court did not confine his leave to amend to a claim of retaliation.  ECF No. 33.

         Plaintiff is correct that the previously granted leave to amend was not limited to

1   his putative retaliation claim.  However, the court will grant defendant's request and will not

2   require a further response on defendant's behalf to the amended complaint.  This is because

3   review of the amended complaint confirms defendant's contention that plaintiff has simply re-

4   alleged claims the court had previously dismissed.  In other words, plaintiff has in no way by his

5   amended complaint cured the defects of the original complaint.  For the same reasons that were

6   articulated in the court's prior order dismissing the original complaint, the undersigned will now

7   recommend dismissal of this action.

8           "Under Ninth Circuit case law, district courts are only required to grant leave to

9   amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a

10  complaint lacks merit entirely."  Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  See also,

11  Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing

12  Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to

13  amend even if no request to amend the pleading was made, unless it determines that the pleading

14  could not be cured by the allegation of other facts.").  "[A] district court retains its discretion

15  over the terms of a dismissal for failure to state a claim, including whether to make the dismissal

16  with or without leave to amend."  Lopez v. Smith, 203 F.3d at 1124.   "The district court's

17  discretion to deny leave to amend is particularly broad where plaintiff has previously amended

18  the complaint."  Metzler Inv. GMBH v. Corinthian Colleges, Inc.  540 F.3d 1049, 1072 (9th Cir.

19  2008), quoting In re Read-Rite Corp., 335 F.3d 843, 845 (9th Cir. 2003).

20          Accordingly, IT IS ORDERED that defendant's motion for the court to screen the

21  amended complaint (ECF No. 32) is granted.

22          IT IS RECOMMENDED that, for the reasons fully set forth in the Order filed

23  January 29, 2013 (ECF No. 30), the amended complaint be dismissed without further leave to

24  amend and this action be dismissed.

25          These findings and recommendations are submitted to the United States District

26  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Courts order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 20, 2013

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
hous2763.ofr

3